IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONAL R. EDWARDS, ) | |
| ) | |
|    Petitioner/Plaintiff, ) | |
| ) | |
| v. ) | CIV. A. NO. 26-00072-KD-MU |
| ) | |
| BREWTON, AL, ) | |
| ) | |
|    Respondent/Defendnat. ) | |

## ORDER

Donal R. Edwards, a prisoner in the custody of the Alabama Department of Corrections, filed a handwritten letter asking to initiate a lawsuit for wrongful imprisonment, harassment, false charges, malicious prosecution, and great bodily harm related to his current conviction and imprisonment. (Doc. 1). However, due to the narrative form and rambling nature of Edwards's filing, it is unclear to the Court what Edwards is claiming and what he is asking the Court to do for him.

The Court notes, as a preliminary matter, that an inmate may seek federal relief under two primary avenues: a petition for a writ of habeas corpus and a complaint under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Claims challenging the lawfulness of an inmate's confinement or the particulars affecting its duration fall solely within the province of habeas corpus. *Id.; see also Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (per curiam) (noting that "[c]laims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus"). On the other hand, when an inmate challenges the circumstances or conditions of his confinement but not the fact or duration of his confinement, the claim is properly raised in a civil rights action under § 1983.  *Hutcherson*, 468 F.3d at 754. The federal habeas statutes and § 1983

1

"are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id.*

### A. Requirements for a Habeas Action.

In a habeas petition, a person is challenging the constitutionality of the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Monetary relief is **not** available in a habeas action. *Id.* at 494. The only remedy available in a habeas action is "immediate release or a speedier release from . . . imprisonment." *Id.* at 500. Thus, to the extent Edwards is seeking his release from custody, habeas corpus is his exclusive remedy. *See id.; Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (per curiam). A habeas petition must name the state officer who has custody of the habeas petitioner as the respondent, and the state officer who has custody of the petitioner is the person who will respond to the petition. *See* Rules Governing § 2254 Cases, R. 2(a).

The filing fee for a habeas petition is $5. *See* 28 U.S.C. § 1914(a). In lieu of paying the $5 filing fee, a habeas petitioner may complete and file this Court's form for a motion to proceed without prepayment of fees. An inmate's motion to proceed without prepayment of fees must include a certificate completed and signed by an authorized jail official and must be accompanied by an inmate account statement showing all transactions in the inmate's account for the six months immediately preceding the date of the filing of the habeas petition.

In addition, and of particular note here, for a habeas petition to be properly before this Court, the petitioner must have exhausted his state court remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973). "State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the

2

state courts by any currently available and adequate procedure." *Manuel v. Alabama*, 2012 WL 5378220, at *1 (M.D. Ala. Oct. 1, 2012), *report and recommendation adopted*, 2012 WL 5349983 (M.D. Ala. Oct. 30, 2012). Typically, to exhaust his state court remedies, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Here, it appears that Edwards has not yet exhausted his claims in state court, as an appeal of his conviction is pending in the Alabama Court of Criminal Appeals. Therefore, it is premature for him to seek habeas relief under 28 U.S.C. § 2254.

### B.    Requirements for a § 1983 Action.

An action under § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see* 42 U.S.C. § 1983. A plaintiff must show a causal connection between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a § 1983 claim.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). In a § 1983 action, damages are available, in addition to injunctive and declaratory relief, which must be clearly described in detail. *See Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005) (per curiam) ("[A] civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration.").  Thus, to the extent Edwards seeks to challenge the conditions of his confinement but does not challenge the legality of his custody or seek his release from custody, his claims are properly raised under § 1983.

3

However, the Supreme Court made clear in *Heck*, claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims are to be dismissed. *Heck*, 512 U.S. at 489. The rule of *Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (stating that *Heck* applies to any suit 'premised . . . on the invalidity of confinement pursuant to some legal process[.]').

For a § 1983 action, the Court requires a filing fee of $405 (comprised of a $350 filing fee and a $55 administrative fee) or a motion to proceed without prepayment of fees that is on this Court's required form. If the Court grants the motion to proceed without prepayment of fees, a prisoner plaintiff may be allowed to only pay a partial filing fee to commence his action, but he will be required to pay the entire $350 filing fee over time through deductions from his inmate account. *See* 28 U.S.C. §§ 1914(a), 1915(a)-(b).

### C. Edwards's Selection.

As noted previously, a habeas action and an action under § 1983 are mutually exclusive. In other words, Edwards cannot seek both habeas relief and § 1983 relief in the same action. Thus, Edwards must choose the type of action he wishes to pursue in this case. Also, as discussed, it appears here that a § 2254 habeas petition is premature and that a § 1983 action may not be brought until Edwards's conviction and sentence has been invalidated. If Edwards elects to file a petition or action in this Court, he must use the Court's appropriate forms and follow the form directions. Stated

another way, Edwards may not continue to file complaints in narrative form. Instead, Edwards must lay out his claims in numbered paragraphs, identifying a single allegation or claim in each paragraph. Additionally, any § 1983 complaint or § 2254 habeas petition must be accompanied with the appropriate filing fee or a motion to proceed without prepayment of fees.

Accordingly, the Clerk is **DIRECTED** to forward to Edwards the current forms for a § 1983 action, a habeas petition under § 2254, and the form for a motion to proceed without prepayment of fees. If Edwards wants to proceed with a § 1983 complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases and must pay two separate filing fees or file two separate IFP motions.

If he wishes to continue with this action, Edwards must complete and return by **April 6, 2026,** the § 1983 form or the § 2254 habeas form for this action, along with the appropriate filing fee or in lieu thereof, a motion to proceed without prepayment of filing fees. Edwards is **warned** that failure to timely comply with this Order will result in the dismissal of this action. Finally, if Edwards is transferred to a different institution or is released, he must immediately inform the Court of his new address, or this action will be dismissed.

**DONE** and **ORDERED** this **6th** day of **March, 2026.**

/s/ **P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**