IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONAL R. EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 26-00072-KD-MU |
| | ) | |
| BREWTON, AL, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Donal R. Edwards ("Plaintiff" or "Edwards"), a prisoner in the custody of the Alabama Department of Corrections, commenced this case by filing a handwritten letter requesting to initiate a lawsuit for wrongful imprisonment, harassment, false charges, malicious prosecution, and great bodily harm related to his current conviction and imprisonment. (Doc. 1). This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this matter, and for the reasons discussed below, it is **RECOMMENDED** that this case be **DISMISSED without prejudice** pursuant to both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket.

On March 3, 2026, the Court received and docketed Edwards's letter challenging actions related to his current conviction and imprisonment. (*See* Doc. 1). The Court, however, was unable to discern Edwards's claims and the relief sought. Consequently, the Court instructed Edwards on the two primary avenues of relief that an inmate may seek in federal court: a petition for a writ of habeas corpus and a civil complaint under 42 U.S.C. § 1983. (*See* Doc. 2). The Court informed Edwards of the requirements for

filing both a habeas petition and a civil suit and ordered Edwards to choose which type of case he wanted to pursue and provided him the necessary forms for both. (*See id*.). Edwards was ordered to file his chosen case(s) by April 6, 2026. (*Id*. at 5). He was also warned that failure to timely comply with the Order would result in the dismissal of this case. (*Id*.).

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). To date, Edwards has not filed any amended documents – neither a petition for writ of habeas corpus nor a complaint for a civil suit under 42 U.S.C. § 1983, and the deadline to do so has long passed.

Upon consideration of these facts and the alternatives available to the Court, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED without prejudice** for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written

objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the 11th day of **May, 2026**.

*/s/* P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

3